# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSE MARTE, | Civil Action No.: 14-2393 (SDW) |
| Petitioner, |  |
| v. | OPINION |
| GENERAL COUNSEL FEDERAL BUREAU OF PRISONS, JR., et al., |  |
| Respondents. |  |

**APPEARANCES:**

>JOSE MARTE, Petitioner *Pro Se*
>63879-050
>McRae Correctional Facility
>P.O. Drawer # 30
>McCrae, Georgia 31055

**WIGENTON**, District Judge

Petitioner Jose Marte is a federal inmate confined at the McCrae Correctional Facility in McRae, Georgia, at the time he submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner challenges the Federal Bureau of Prisons' ("BOP") application of a Public Safety Factor ("PSF") to his inmate classification because he is an alien subject to deportation upon his release from prison. This case was administratively terminated upon filing

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

because Petitioner failed to pay the requisite filing fee as required by Local Civil Rule 54.3(a), or submit a complete application to proceed *in forma pauperis* ("IFP") as required under L.Civ.R. 81.2(b). (ECF No. 2.) On June 12, 2014, Petitioner submitted a complete IFP application and it appears that he qualifies for indigent status. Accordingly, the Clerk of the Court is directed to re-open this case, and the Court will consider the habeas petition as it is filed. Because the Court lacks jurisdiction over this habeas petition, this action shall be transferred to the United States District Court where Petitioner is confined, namely, the Southern District of Georgia.

I. BACKGROUND

Petitioner is a federal inmate presently incarcerated at the McRae Correctional Facility in McRae, Georgia. (ECF No. 1, Petition.) He challenges the execution of his federal sentence. Specifically, Petitioner alleges that his place of incarceration is more than 900 miles from his home in New Jersey, in violation of BOP policy which generally keeps inmates within 500 miles from their home. Petitioner alleges that the BOP placed him in the Georgia facility because the BOP has applied a PSF on Petitioner based on his alien deportability status. Petitioner contends that the BOP's action violates his right to due process under the Fifth and Fourteenth Amendments. (*Id*. at ¶ 7.)

At the time that he filed this petition, Petitioner was confined, and still is confined, at the McRae Correctional Facility in McRae, Georgia. He has named as party Respondents in this case, the General Counsel of the BOP and Stacey Stone, Warden at the McRae Correctional Facility where Petitioner is incarcerated. (*Id*., Caption.)

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their respective jurisdictions." Thus, the court issuing the writ must be able to exercise personal jurisdiction over the custodian of the petitioner.

In addition, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." *See also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). Thus, the only proper respondent to a habeas petition challenging current confinement is the warden of the facility where the prisoner is being held. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (involving the question who was the proper respondent in a § 2241 petition filed by a United States citizen designated as a federal "enemy combatant," and confined in a navy brig in South Carolina on a material witness warrant issued by the U.S. District Court for the Southern District of New York) (citations omitted); *Yi v. Maugans*, 24 F.3d 500 (3d Cir. 1994).

The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions:

> Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

*Padilla*, 542 U.S. at 446–47 (citations and footnote omitted).

Jurisdiction is determined as of the time the petition is filed. *See United States v. Moruzin*, 2012 WL 1890402 (3d Cir. May 25, 2012). *Cf. Padilla*, 542 U.S. at 441 ("when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release"); *Henry v. Chertoff*, 317 F. App'x 178, 179 (3d Cir. 2009) (noting that custody is measured as of the time that the petition was filed).

Here, Petitioner was confined in Georgia, not New Jersey, at the time he filed this Petition. Accordingly, this Court lacks jurisdiction to hear the Petition.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. *See also Arroyo v. Hollingsworth*, No. 12-7889, 2013 WL 5816917, *3 (D.N.J. Oct. 29, 2013). In this case, Petitioner has named his custodian at the McRae Correctional Facility in McRae, Georgia, as a party respondent. Consequently, as Petitioner is confined in the Southern District of Georgia and jurisdiction over the custodial respondent resides there, this Court will transfer this matter to the United States District Court for the Southern District of Georgia, for consideration of this habeas petition by that Court. This Court expresses no opinion as to the merits of the Petition.

## III. CONCLUSION

For the foregoing reasons, because this Court lacks jurisdiction over this habeas petition, the Court will order the transfer of this case to the United States District Court for the Southern District of Georgia. An appropriate Order follows.

                                                 *s/ Susan D. Wigenton*
                                                 SUSAN D. WIGENTON
                                                 United States District Judge

Dated: June 17, 2014